IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICARDO SANCHEZ,

    Plaintiff,

v.                                      CASE NO. 5:10cv288-RH/EMT

JOSE L. SANCHEZ, JR. et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff alleges that his work assignment while an inmate in the Bureau of Prisons was breaking down computers, that this exposed him to toxic chemicals, and that he got cancer as a result. Later, after the plaintiff no longer worked in this field, the Bureau of Prisons discontinued the program, apparently concluding that the work was indeed hazardous.

The operative pleading is the plaintiff's second amended complaint. There are two named and one still-unnamed defendant. The case is before the court on the magistrate judge's report and recommendation, ECF No. 108. No objections have been filed.

Case No. 5:10cv288-RH/EMT

The report and recommendation correctly concludes that summary judgment should be entered against the plaintiff and in favor of the two named defendants and that the claims against the still-unnamed defendant should be dismissed. The report and recommendation is adopted as the court's opinion with these clarifications and additional notes.

First, the plaintiff's failure to respond to the summary-judgment motion is not a sufficient basis for granting the motion. "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988)).

Second, a sworn complaint constitutes summary-judgment evidence, just as if the same information had been set out in a declaration. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986)). But allegations in an unsworn complaint are not summary-judgment evidence. Here the first, second, and third amended complaints all include sworn allegations.

Third, the defendants are entitled to summary judgment because the record includes no evidence—no facts in a sworn complaint or declaration, no

documentary evidence, and no other summary-judgment evidence of any kind—that would support a finding that the defendants knew of a hazard and willfully exposed the plaintiff to it.  That prison officials later learned the activities were hazardous is not enough.  And the allegation that the defendants *should have known* also is not enough; the plaintiff can recover by showing willful exposure to hazardous conditions, but not by showing mere negligence.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "This action was resolved on a motion for summary judgment.  It is ordered that the plaintiff Ricardo Sanchez recover nothing.  The claims against the defendants Jose L. Sanchez, Jr., and Drew Short are dismissed on the merits.  All other claims against all other defendants are dismissed."

3. The clerk must close the file.

SO ORDERED on August 23, 2015.

                                                       s/Robert L. Hinkle
                                                     United States District Judge